UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HOUSTON PROFESSIONAL TOWING | § | |
| ASSOCIATION, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:12-CV-56 |
| | § | |
| CITY OF HOUSTON, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

## I.    INTRODUCTION

Before the Court is the defendant's, the City of Houston, Texas ("the City"), motion to dismiss, or alternative motion for summary judgment (Dkt. No. 8), and the plaintiff's, the Houston Professional Towing Association ("HPTA"), response (Dkt. No. 9).  In advance of the City's motion, the parties filed an Agreed Stipulation of Facts (Dkt. No. 7) that HPTA disputes at this time.[1]  In addition to these documents, the City filed a reply (Dkt. No. 10) to HPTA's response, and HPTA filed a Notice of Discrepancy relating to the Agreed Stipulation of Facts (Dkt. No. 11).  The Court conducted a hearing on the matter and the parties have since supplemented their papers to further elucidate their positions on the dispute.  The Court has

---

[1] The City filed documents indicating that the parties had reached an agreement (a stipulation) concerning areas of dispute and suggesting by the filing that only questions of law remained for the Court's consideration (Dkt. No. 7). Sixty days after the filing, however, HPTA filed a notice of discrepancy whereby it claimed that the City's filing misrepresented its position (Dkt. No. 11).  The Court, therefore, rejects the "stipulation" and addresses the parties' disputes as they are presented in the City's motion and HPTA's response.

reviewed the entirety of the parties' documents and the pleadings and determines that the motion

to dismiss or alternative motion for summary judgment should be denied.

## II.  FACTUAL BACKGROUND

### A.  Litigation History

The City and HPTA share an eight-year litigation history in connection with the City's

towing ordinance, enacted under the City's SafeClear Program.  *See* City of Houston Code of

Ordinances, Ch. 8, Art. III, Sec. 8-127.  Specifically, this is the third suit concerning HPTA's

claim that the towing program, as designed and implemented, violates various federal

constitutional [1st and 14th Amendments] rights enjoyed by HPTA members and that the

ordinances are preempted under the Federal Aviation Administration Act ("FAA").  *See* 49

U.S.C. § 14501(c)(1).

Essentially, HPTA claims here, as it has in the two prior suits, that the SafeClear Program

causes losses of business for its members, violates various state and federal antitrust laws, and

otherwise, constitutes a regulatory taking in violation of state and federal laws.  HPTA seeks a

permanent injunction and monetary damages.  The parties' litigation history is, therefore,

relevant.

The first suit was filed by HPTA in 2005, and will be referred to as the SafeClear I suit.

*See Houston Professional Towing Ass'n v. City of Houston*, No. H-05-0323, 2005 WL 2121552

(S.D. Tex. Aug. 31, 2005).   In that case, the Court enjoined the enforcement of several

subsections of the ordinance, § 8-127, on the ground that they were preempted by federal law.

As a result, the City amended the ordinance to comply with the Court's Order and proceeded to

implement the SafeClear Program.   Subsequently, HPTA filed a motion for contempt, claiming

that the City violated the spirit of the Court's injunction.   That motion proved unsuccessful in

March of 2006.   As a result, HPTA resorted to the state courts, filing a second suit on or about

June 27, 2006.

        HTPA's second suit ("SafeClear II"), while strongly focused on state law claims, was

removed to federal court based on the federal questions that were apparent by the pleadings.   *See*

*Houston Professional Towing Ass'n v. City of Houston*, No. H-06-2174, 2008 WL 1782278 (S.D.

Tex. April 16, 2008).   There, the Court entered an opinion that the SafeClear Program was

sufficiently limited in scope and mission such that it did not violate the FAA and, therefore, the

ordinance was not preempted by the FAA.   Other state and federal law claims made by HPTA

were also dismissed.

        **B.      The Current Amended Sections of 8-127**

        The record shows that § 8-127, the SafeClear Program, has been amended on one

occasion since the last suit ended in 2008.   That amendment came on May 4, 2011, by ordinance

number 2011-324.   While other ordinances in Chapter 8, dealing with auto wreckers and storage

yards were changed, the relevant changes to § 8-127 are found in subparts (5) and (6), and state

the following:

(5)   [T]he tow operator shall tow a stalled vehicle located on a shoulder to a safe place off the freeway within one mile from the nearest freeway exit at the rate prescribed and subject to the   conditions established in the agreement, provided, however, that if the vehicle owner is unable to pay the tow operator at the time of service, such vehicle shall be towed to the nearest licensed storage facility that is lighted and manned on a 24-hour basis, provides telephone and other access to the vehicle owner, and will not charge any storage-related fees for the first 48 hours;

(6)   That, at no cost to the vehicle owner, except that during the period each day from 10:00 p.m. to 6:00 a.m. the tow operator shall tow a stalled such vehicle shall be towed to a safe place in accordance with the agreement. If there is no safe place, the vehicle shall be towed to the nearest licensed storage facility that is lighted and manned on a 24-hour basis, and provides the vehicle owner with access to a telephone and other facilities, and will not charge any storage-related fees for the first 24 hours or other safe place; [interlineations and strikeouts part of text of amended Ordinance].

## III.    THE CONTENTIONS OF THE PARTIES

### A.    HPTA's Contentions

HPTA, in this suit, complains that HPTA members are excluded from the SafeClear

Program although they hold towing permits.  And, because HPTA members are excluded from

the program, they lose a substantial portion of the potential revenue generated from the towing

and storage of disabled vehicles on freeways.   HPTA members also complain that the

amendments to § 8-127, when coupled with or aided by amendments to § 8-117, cause § 8-127

to be in violation of the Court's previous injunction order and state and federal law, thereby

bringing the ordinance within the preemption provision of the FAA.  The sum of HPTA's argument is that the enactment of a $50 fee for tows to a storage facility, a $20 fee collected at the storage lot, and the redefining of "nearest place of safety" as the nearest licensed storage facility, constitute an economic regulation.  HPTA further contends that the reach of these ordinances is far beyond that needed to insure safety on freeways.

Therefore, HPTA argues that it is entitled to a declaratory judgment and permanent injunction against the City based on:  (a) federal preemption; (b) a regulatory taking under state and federal law; and (c) violations of the First Amendment, as HPTA members cannot solicit tows on freeways.

### B.    The City's Contentions

The City does not dispute that, on May 4, 2011, it amended the SafeClear Program, specifically § 8-127.  According to the City, the amendment was necessary, in part, because the funding that was provided by the City for the Program ended and the cost of towing needed to be passed on to the vehicle owner.  In its pleadings, the City describes the amendment as follows:

> [The] City Council approved a change in the SafeClear program to provide that a SafeClear operator shall tow a stalled vehicle located on the shoulder to a safe place off the freeway within one mile from the nearest freeway exit at a cost of $50.00 to be paid by the vehicle owner rather than the City paying for the tow. Roadside Services performed on the freeway would be charged to the vehicle owner at the rate of $30.00. Previously, the City paid for the safety tow and roadside assistance. If the vehicle owner is unable to pay the tow operator, the vehicle is to be towed to the nearest licensed storage facility that is lighted and manned on a 24-hour basis, provides telephone and other access to the vehicle owner. The vehicle owner is not charged for any storage-related fees for the first 48

> hours. The vehicle owner is charged for storage-related fees after the first 48 hours. This is the only amendment to the Code of Ordinances, Section 8-127, the provision that governs the SafeClear program, since April 16, 2008, the date of the judgment entered in SafeClear II.

*See* [the City's Motion to Dismiss, Dkt. No. 8, p. 9].

The City contends that the changes made in its ordinances are not substantive and are consistent with this Court's prior order.  Therefore, it argues that HPTA has no right to recover under federal or state law.  Because this suit represents HPTA's third suit against the City concerning the SafeClear Program, the City also contends that this suit should be dismissed under the doctrine of *res judicata* or claim preclusion.  In this respect, the City points out that the allegations and claims in this third suit are either the same allegations and claims presented in earlier suits or they are allegations and claims that could or should have been addressed in the two prior suits.  Therefore, the City asserts that dismissal is appropriate under Federal Rules of Civil Procedure, Rule 12(b)(6) or this motion should be converted to a motion for summary judgment pursuant to FRCP, Rule 56.

## IV.    STANDARD OF REVIEW

### A.    Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) authorizes a defendant to move to dismiss for "failure to state a claim upon which relief may be granted."  FED. R. CIV. P. 12(b)(6).  Under the demanding strictures of a Rule 12(b)(6) motion, "[t]he plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true."  *Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189, 194 (5th Cir. 1996) (citing *Mitchell v.*

*McBryde*, 944 F.2d 229, 230 (5th Cir. 1991)).  Dismissal is appropriate only if, the "[f]actual allegations [are not] enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L.Ed.2d 929 (2007). Moreover, in light of Federal Rule of Civil Procedure 8(a)(2), "[s]pecific facts are not necessary; the [factual allegations] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1964. Even so, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964 - 65 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L.Ed.2d 209 (1986).

Therefore, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1955).  "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show [n]'-'that the pleader is entitled to relief.'" *Ashcroft*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Nevertheless, when considering a 12(b)(6) motion to dismiss, the Court's task is limited to deciding whether the plaintiff is entitled to offer evidence in support of his or her claims, not

whether the plaintiff will eventually prevail.  *Twombly*, 550 U.S. at 563, 1969 n.8 (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed.2d 90 (1974)); *see also Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999).

### B.        Motion for Summary Judgment

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56.  A fact is "material" if its resolution in favor of one party might affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).  "Factual disputes that are irrelevant or unnecessary will not be counted."  *Id.* at 248.  An issue is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party.  *Id.*  If the evidence rebutting the motion for summary judgment is only colorable or not significantly probative, summary judgment should be granted.  *Id.* at 249-50; *see also Shields v. Twiss*, 389 F.3d 142, 149-50 (5th Cir. 2004).

Under Rule 56(c) of the Federal Rules of Civil Procedure, the moving party bears the initial burden of "informing the district court of the basis for its motion and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue for trial." *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 - 87 (1986); *Adams v. Travelers Indem. Co. of Connecticut,* 465 F.3d 156, 163 (5th Cir. 2006).  Where the moving party has met its Rule 56(c) burden, the nonmovant must come forward with "specific facts showing that there is a *genuine issue for trial."  Matsushita*, 475 U.S. at 586-87 (quoting Fed. R. Civ. P. 56(e)) (emphasis in original); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); and *Adams*, 465 F.3d at 164.  To sustain the burden, the nonmoving party must produce evidence admissible at trial showing that reasonable minds could differ regarding a genuine issue of material fact.

*Anderson*, 477 U.S. at 250-51; 255; *Morris v. Covan World Wide Moving, Inc.,* 144 F.3d 377, 380 (5th Cir. 1998).  In deciding a summary judgment motion, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson,* 477 U.S. at 255.

## V.    DISCUSSION AND ANALYSIS

The City's motion to dismiss, or alternative motion for summary judgment is based on the doctrine of *res judicata* and/or issue preclusion.

The Fifth Circuit has "observe[d] that generally a *res judicata* contention cannot be brought in a motion to dismiss [and] it must be pleaded as an affirmative defense." *Test Masters Educ. Services, Inc. v. Singh*, 428 F.3d 559, 570, n.2 (5th Cir. 2005); *see also Judy Chou Chiung-Yu Wang v. Prudential Ins. Co. of America*, 439 F. App'x 359, 363 (5th Cir. 2011) (*per curiam*). "With respect to a specific affirmative defense such as *res judicata*, the rule seems to be that if the facts are admitted or are not controverted or are conclusively established so that nothing further can be developed by a trial of the issue, the matter may be disposed of upon a motion to dismiss." *Clifton v. Warnaco, Inc.*, 53 F.3d 1280, n. 13 (5th Cir. 1995) (*per curiam*) (citations omitted).

In order to establish *res judicata*, the City, which is asserting the affirmative defense, has the burden of establishing that: (1) the parties in the subsequent action are identical to, or in privity with, the parties in the prior suit; (2) the judgment in the prior case was rendered by a court of competent jurisdiction; (3) there has been a final judgment on the merits; and (4) the same claim or cause of action is involved in both cases.  *See Duffie v. United States*, 600 F.3d 362, 372 (5th Cir. 2010); *see also Test Masters Educ. Services, Inc*., 428 F.3d at 571.

In this case, it appears that HPTA does not dispute that the first three elements of *res judicata* are satisfied, *i.e.*, the parties in the suits are the same, the judgment in the prior case was rendered by a court of competent jurisdiction, and final judgments were entered in the prior suits, which were dispositive of the claims on the merits.   HPTA argues, however, that the City cannot meet the fourth prong of *res judicata* (namely, that the same claim or cause of action is involved) because the City's amendment to the ordinance constitutes an interfering or altering of the situation since the last judgment was entered in the case.   In other words, HPTA claims that the amendments provide a new factual predicate for its claim and, as such, *res judicata* does not apply and the amendments constitute economic regulation that is preempted by the FAA.

The City's rejoinder is simple.   It argues that the amendments to the SafeClear Ordinance are not substantive because they merely permit the City to transfer the towing and roadside assistance fees to the owners of the towed vehicles.   In addition, the City claims, the vehicle is towed to a "safe place off the freeway within one mile from the nearest exit," supporting its argument that the City is merely engaging in safety regulations.

The Court is of the opinion that the City's motion to dismiss or alternative motion for summary judgment should be denied.   What is apparent to the Court is that the amendments to § 8-127 redefine "safe place off the freeway" in a manner that "may" permit the City to engage in economic regulation that can amount to a violation and preemption by the FAA.   In other words, the Court is of the opinion that the amendments to the ordinance constitute a change that provides a new factual basis for HPTA's claim.   Therefore, the City has failed to establish the fourth prong of its *res judicata* defense.   *See e.g., Test Masters Educ. Services, Inc.*, 428 F.3d at 571 (under the fourth element of *res judicata*, the question is whether the actions are based on the "same nucleus of operative facts," namely, "whether the facts  are related in time, space,

origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage"); *Jackson v. DeSoto Parish Sch. Bd.*, 585 F.2d 726, 729 (5th Cir. 1978) ("It has long been established that res judicata is no defense where, between the first and second suits, there has been an intervening change in the law or modification of significant facts creating new legal conditions"); *Moch v. E. Baton Rouge Parish Sch. Bd.*, 548 F.2d 594, 597 (5th Cir. 1977) ("res judicata is no defense where between the time of the first judgment and the second there has been an intervening decision or a change in the law creating an altered situation") (citations omitted).

Moreover, in *Houston Professional Towing Ass'n*, 2005 WL 2121552, this Court addressed the issue of preemption as mandated by the FAA. *See* 49 U.S.C.  § 14501(c)(2)(A). The Court noted that §14501(c)(1) addresses preemption of regulations by political subdivisions that relate to price, route or service of tow vehicles where the regulation "may" extend beyond the safety regulatory authority of that governmental unit.  As well, the Court recognized that other exemptions may apply that permit a political subdivision to reach beyond the Act's preemption umbrella.  *Id.*  However, the test for preemption requires a court to determine whether the political subdivision's regulation is "genuinely responsive to safety concerns" as that regulation is applied.  *See City of Columbus v. Ours Garage & Wrecker Serv., Inc.,* 536 U.S. 424, 442 (2002); *see also, Harris Cty. Wrecker Owners v. City of Houston*, 943 F.Supp. 711, 728 (S.D. Tex. 1996).  In the instant suit, the answer to the question of how § 8-127 is applied, particularly in light of how other ordinances add to or impact its application, is not addressed by the City in its papers.  Hence, the claims presented by HPTA are "facially plausible" (*Ashcroft*, 556 U.S. at 678), and cannot be dismissed by the Court.  In other words, the Court is of the opinion that this is not a case where the "facts are admitted or are not controverted or are

conclusively established so that nothing further can be developed by a trial of the issue [so that] the matter may be disposed of upon a motion to dismiss." *Clifton*, 53 F.3d at 1280, n. 13.

Equally important to the resolution of the federal preemption issue is whether any economic burden suffered by towing companies that are excluded from the SafeClear Program is merely incidental. *See Cole v. City of Dallas*, 314 F.3d 730, 735 (5th Cir. 2002). HPTA members argue that they are suffering a double impact. First, HPTA members assert that they are excluded from the towing program, resulting in a loss of towing fees. Second, they argue that they are also excluded from earning storage fees that are generated under the other revised ordinances because the towed vehicles are being stored in lots owned either by the City or the SafeClear towing companies. Hence, they argue that the recent amendments are designed to simply accomplish economic goals for the City. In this respect, the issues raised by HPTA are significant and probative and cannot be resolved by this Court at this early juncture without the benefit of certain evidence that can only arise from allowing the case to move forward. *See Twiss*, 389 F.3d at 149-50.

In sum, the City has not met its burden of establishing prong four of the *res judicata* doctrine, *i.e.*, that the claims raised in this suit by HPTA are the same ones that were raised in the prior suit. Furthermore, it is unclear that the price, route, and service fees enacted and adopted by the City relate to safety. Therefore, the City's motion to dismiss, or alternative motion for summary judgment is DENIED.

It is so **ORDERED**.

SIGNED on this 30th day of March, 2013.

_____
Kenneth M. Hoyt
United States District Judge